William P. Donovan, Jr. (SBN 155881)
**DECHERT LLP**
633 West 5th Street, Suite 4900
Los Angeles, CA 90071
Tel:  (213) 808-5767
Fax: 213-808-5760
bill.donovan@dechert.com

D. Brett Kohlhofer (*pro hac vice* pending)
**DECHERT LLP**
1900 K Street, N.W.
Washington, D.C. 20006
Tel: 202-261-3300
Fax: 202-261-3333
d.brett.kohlhofer@dechert.com

Theodore E. Yale (*pro hac vice* forthcoming)
**DECHERT LLP**
2929 Arch Street
Philadelphia, PA 19104
Tel.: (215) 994-4000
Fax:  (215) 655-2455
theodore.yale@dechert.com

*Attorneys for Defendant BDO GOVERNMENT*
*SERVICES, LLC f/k/a HORNE LLP*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES of AMERICA, *ex rel*. HEATHER WIDEN,<br><br>                    Plaintiff,<br><br>        vs.<br><br>BDO GOVERNMENT SERVICES, LLC f/k/a HORNE LLP, *et al.*,<br><br>                    Defendants. | Case No. 2:22-CV-1893-JAM-AC<br><br>**DEFENDANT BDO GOVERNMENT SERVICES, LLC f/k/a HORNE LLP'S NOTICE OF MOTION AND MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**<br><br>Second Amended Complaint Filed: December 11, 2025<br><br>  Date:  March 24, 2026<br>  Time: 1:00 P.M.<br>  Judge: Hon. John A. Mendez<br>  Courtroom 6, 14th Floor |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE:**

On March 24, 2026 at 1:00 PM, or at such other date and time as the Court orders, in the courtroom of The Honorable John A. Mendez, United States District Judge, at the United States District Court for the Eastern District of California, Robert T. Matsui Federal Courthouse, Defendant BDO Government Services, LLC ("Defendant") f/k/a Horne LLP ("Horne"), by counsel, will and hereby does, move the Court to dismiss with prejudice claims against Defendant in the Second Amended Complaint (ECF No. 42, "SAC"), pursuant to Rules 9(b) and 12(b)(6), for failure to state a claim on any count, for several reasons, including:

1.      The SAC does not state a claim for any False Claims Act ("FCA") violation, under any alleged theory (SAC Counts I–IV) because it does not identify a false claim Horne made to the Government. *See United States ex rel. Aflatooni v. Kitsap Physicians Serv.*, 314 F.3d 995, 1002 (9th Cir. 2002) ("[A]n actual false claim is the *sine qua non* of a False Claims Act violation."). The crux of the SAC is merely that Horne was ineffective in its role as California's contractor charged with administering Emergency Rental Assistance Program ("ERAP") funds because it allegedly failed to catch and stop enough applications for relief that Plaintiff speculates were made to Horne by "ineligible households." *See United States ex rel. Hopper v. Anton*, 91 F.3d 1261, 1265 (9th Cir. 1996) (holding that not every "breach of contract, or violation of regulations or law, or receipt of money from the government where one is not entitled to receive the money, automatically gives rise to a claim under the FCA").

2.      The statements by Horne and HCD that the SAC does identify are not "claim[s]," i.e., "request[s] … for money," 31 U.S.C. § 3729(b)(2):  (i) an Obligated Funds Certification  that state-level grantees used to tell the U.S. Department of Treasury how much of their previously-granted ERAP funds they had distributed; (ii) Horne's response to a request from a California agency to submit a proposal related to administration of its ERAP project; and (iii) Horne's amended contract with HCD to administer ERAP funds. *See United States ex rel. SNAPP, Inc. v. Ford Motor Co.*, 618 F.3d 505, 514 (6th Cir. 2010) (a contract is not itself a "'claim' within the meaning of the FCA," even where defendant collects money under the contract); *United States ex rel. Laird v. Lockheed Martin Eng'g & Sci. Servs. Co.*, 491 F.3d 254, 261 (5th Cir. 2007) ("Without more, a [bid] is not a false claim.").

3.      Plaintiff's FCA claims also fail because the SAC does not plead any *facts* showing how any claim or statement by Horne was false, let alone that that Horne knew it was false at the time it was made.

DEFENDANT'S  MOTION AND NOTICE OF  MOTION TO DISMISS SAC                2:22-CV-1893-JAM-AC

*Hopper*, 91 F.3d at 1265 (to be actionable under the FCA, statement "must be false when made"). Plaintiff's conclusory allegations of knowledge are insufficient. *See Adomitis ex. rel. United States v. San Bernardino Mnts. Cmty. Hosp. Dist.*, 816 Fed. Appx. 64, 66 (9th Cir. 2020) ("Although Rule 9(b) allows plaintiffs to allege scienter generally … scienter must still be pled with plausibility under Rule 8(a).").

4.    The SAC fails to plead particularized facts showing any allegedly false statement by Horne was material to a decision by the Government to pay a claim under the "rigid" and "demanding" pleading-stage assessment required under *Universal Health Servs., Inc. v. United States ex rel. Escobar*, 579 U.S. 176, 194 (2016). The SAC does not point to anything about ERAP indicating that payment decisions at any level were ever based on the ability of grantees, or their contractors, to screen out fraudulent applications for relief funds made to them by the public. In fact, everything about ERAP (even as Plaintiff herself describes it in the SAC) indicates that the overriding concern was distributing the relief to applicants *quickly*.  Even the one U.S. Department of Treasury FAQ identified in the SAC does not purport to impose strict requirements to verify applicants and instead suggests multiple options for what may be acceptable ways to verify eligibility for relief, including *self-attestations*.  SAC ¶ 32.

5.    To the limited extent the SAC even addresses any of these necessary FCA elements, its threadbare and conclusory allegations fall far short of satisfying Fed. R. Civ. P. 8, let alone Rule 9(b)'s requirement to plead particularized facts setting out the who, what, when, where, and how of an alleged fraud.  *See United States ex rel. Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1055 (9th Cir. 2011).

6.    Plaintiff does not state a negligence claim because (i) her theory is that Horne negligently caused HCD to fire her, and California does not recognize a tort of negligent interference with contractual relations; (ii) Horne did not owe a duty to Plaintiff to prevent HCD from firing her; and (iii) Plaintiff's attenuated multi-step causation theory, which played out over several months and involved independent decisions by Plaintiff herself and by HCD, does not and cannot establish proximate cause.

This Motion will be based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, and Plaintiffs own allegations in the SAC, including the documents incorporated by reference that are central to the SAC's allegations (copies of which Defendant is providing to the Court for ease of reference), and all matters of which the Court may or shall take judicial notice, and on such further argument as may be presented at oral argument.

DEFENDANT'S MOTION AND NOTICE OF MOTION TO DISMISS SAC             2:22-CV-1893-JAM-AC

Dated: February 13, 2026

Respectfully submitted,

**Dechert LLP**


By:   */s/ William P. Donovan, Jr.*

William P. Donovan, Jr. (SBN 155881)
**DECHERT LLP**
633 West 5th Street, Suite 4900
Los Angeles, CA 90071
Tel:  (213) 808-5767
Fax: 213-808-5760
bill.donovan@dechert.com

D. Brett Kohlhofer (*pro hac vice* pending)
**DECHERT LLP**
1900 K Street, N.W.
Washington, D.C. 20006
Tel: 202-261-3300
Fax: 202-261-3333
d.brett.kohlhofer@dechert.com

Theodore E. Yale (*pro hac vice* forthcoming)
**DECHERT LLP**
2929 Arch Street
Philadelphia, PA 19104
Tel.: (215) 994-4000
Fax:  (215) 655-2455
theodore.yale@dechert.com

*Attorneys for Defendant BDO GOVERNMENT
SERVICES, LLC f/k/a HORNE LLP*

-3-

DEFENDANT'S MOTION AND NOTICE OF MOTION TO DISMISS SAC                2:22-CV-1893-JAM-AC

**CERTIFICATION OF COMPLIANCE WITH MEET AND CONFER REQUIREMENT**

This motion is made following the conference of counsel pursuant to the Court's standing order which took place on February 4, 2026.

/s/  *William P. Donovan, Jr.*

William P. Donovan, Jr.

-4-