# EXHIBIT C

## U.S. DEPARTMENT OF THE TREASURY

## EMERGENCY RENTAL ASSISTANCE

| Eligible grantee name and address: | DUNS Number: [*Recipient to provide*] |
|---|---|
| | Taxpayer Identification Number: [*Recipient to provide*] |
| | Assistance Listing Number and Title: 21.023-Emergency Rental Assistance Program |

Section 3201(a) of the American Rescue Plan Act of 2021, Pub. L. No. 117-2 (March 11, 2021), authorizes the Department of the Treasury ("Treasury") to make payments to certain eligible grantees to be used to provide emergency rental assistance.

The eligible grantee hereby agrees, as a condition to receiving such payment from Treasury, to the terms attached hereto.

_____

Authorized Representative Signature (above)
[*To be signed by chief executive officer if recipient is a local government.*]

Authorized Representative Name: _____

Authorized Representative Title: _____

Date signed: _____

U.S. Department of the Treasury:

_____

Authorized Representative:

Title:

Date:

PAPERWORK REDUCTION ACT NOTICE: The information collected will be used for the U.S. Government to process requests for support. The estimated burden associated with this collection of information is 15 minutes per response. Comments concerning the accuracy of this burden estimate and suggestions for reducing this burden should be directed to the Office of Privacy, Transparency and Records, Department of the Treasury, 1500 Pennsylvania Ave., N.W., Washington, D.C. 20220. DO NOT send the form to this address. An agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid control number assigned by OMB.

PRIVACY ACT STATEMENT
AUTHORITY:  Solicitation of this information is authorized by the American Rescue Plan Act of 2021, Title III, Pub. L. No. 117-2.
PURPOSE:  Treasury is required by the American Rescue Plan Act of 2021 to identify eligible grantees/recipients to provide emergency rental assistance to individuals who qualify for relief under the Act.  Eligible grantees/recipients are state, local, and territorial governments which identify households requiring relief according to requirements contained in the Act. Treasury maintains contact information for authorized representatives and contact persons for the purpose of communicating with eligible grantees regarding issues related to implementation of the Act.
ROUTINE USES: The information you furnish may be shared in accordance with the routine uses outlined in the Treasury's system of records notice, Treasury .017 - Correspondence and Contact Information, which can be found at 81 FR 78266 (Nov. 7, 2016).
DISCLOSURE: Disclosure of this information to Treasury is required in order to comply with the requirements the American Rescue Plan Act of 2021.  Disclosure of this information is voluntary, however, grantees/recipients that do not disclose contact information will be unable to communicate with Treasury on issues related to their obligations under the Act and this may affect the status of their award.

U.S. DEPARTMENT OF THE TREASURY
EMERGENCY RENTAL ASSISTANCE
Award Terms and Conditions

1. <u>Use of Funds</u>. Recipient understands and agrees that the funds disbursed under this award may only be used for the purposes set forth in subsection (d) of section 3201 of the American Rescue Plan Act of 2021, Pub. L. No. 117-2 (March 11, 2021) ("Section 3201") and any guidance issued by Treasury regarding the Emergency Rental Assistance program established under Section 3201 (the "Guidance").

2. <u>Reallocation of Funds</u>. Recipient understands and agrees that any funds allocated by Treasury to Recipient that are not disbursed to Recipient in accordance with Section 3201(c)(2) as a subsequent payment will be reallocated by Treasury to other eligible recipients under Section 3201(e). Such reallocation of funds shall be made in the manner and by the date, which shall be no sooner than March 31, 2022, as may be set by Treasury. Recipient agrees to obligate at least fifty (50) percent of the total amount of funds allocated by Treasury to Recipient under Section 3201 to be eligible to receive reallocated funds under Section 3201(e).

3. <u>Assistance to Eligible Households</u>. Recipient agrees to permit eligible households (as defined in Section 3201(f)(2)) to submit applications for financial assistance directly to Recipient, and to receive financial assistance directly from Recipient, under programs established by Recipient using funds disbursed under this award. Recipient may make payments to a landlord or utility provider on behalf of an eligible household, but if the landlord or utility provider does not agree to accept such payment after Recipient makes reasonable efforts to obtain its cooperation, Recipient must make such payments directly to the eligible household for the purpose of making payments to the landlord or utility provider.

4. <u>Period of Performance</u>. The period of performance for this award begins on the date hereof and ends on September 30, 2025. Recipient shall not incur any obligations to be paid with the funding from this award after such period of performance ends.

5. <u>Administrative costs</u>.

   a. Recipient may use funds provided to the Recipient to cover both direct and indirect costs.

   b. The total of all administrative costs, whether direct or indirect costs, may not exceed 15 percent of the total amount of the total award.

6. <u>Reporting</u>. Recipient agrees to comply with any reporting obligations established by Treasury as related to this award. Recipient acknowledges that any such information required to be reported pursuant to this section may be publicly disclosed.

7. <u>Maintenance of and Access to Records</u>.

   a. Recipient shall maintain records and financial documents sufficient to support compliance with Section 3201 and the Guidance.

   b. The Treasury Office of Inspector General and the Government Accountability Office, or their authorized representatives, shall have the right of access to records (electronic and otherwise) of Recipient in order to conduct audits or other investigations.

   c. Records shall be maintained by Recipient for a period of five (5) years after the period of

1

performance.

8. <u>Cost Sharing</u>. Cost sharing or matching funds are not required to be provided by Recipient.

9. <u>Compliance with Applicable Law and Regulations</u>.

   a. Recipient agrees to comply with the requirements of Section 3201 and the Guidance. Recipient also agrees to comply with all other applicable federal statutes, regulations, and executive orders, and Recipient shall provide for such compliance in any agreements it enters into with other parties relating to this award.

   b. Federal regulations applicable to this award include, without limitation, the following:

      i. Uniform Administrative Requirements, Cost Principles, and Audit Requirements for Federal Awards, 2 C.F.R. Part 200, other than such provisions as Treasury may determine are inapplicable to this award and subject to such exceptions as may be otherwise provided by Treasury. Subpart F – Audit Requirements of the Uniform Guidance, implementing the Single Audit Act, shall apply to this award.

      ii. Universal Identifier and System for Award Management (SAM), 2 C.F.R. Part 25 and pursuant to which the award term set forth in Appendix A to 2 C.F.R. Part 25 is hereby incorporated by reference.

      iii. Reporting Subaward and Executive Compensation Information, 2 C.F.R. Part 170, pursuant to which the award term set forth in Appendix A to 2 C.F.R. Part 170 is hereby incorporated by reference.

      iv. OMB Guidelines to Agencies on Governmentwide Debarment and Suspension (Nonprocurement), 2 C.F.R. Part 180 including the requirement to include a term or condition in all lower tier covered transactions (contracts and subcontracts described in 2 C.F.R. Part 180, subpart B) that the award is subject to 2 C.F.R. Part 180 and Treasury's implementing regulation at 31 C.F.R. Part 19.

      v. Recipient Integrity and Performance Matters, pursuant to which the award term set forth in 2 C.F.R. Part 200, Appendix XII to Part 200 is hereby incorporated by reference.

      vi. Governmentwide Requirements for Drug-Free Workplace, 31 C.F.R. Part 20.

      vii. New Restrictions on Lobbying, 31 C.F.R. Part 21.

   c. Statutes and regulations prohibiting discrimination applicable to this award include, without limitation, the following:

      i. Title VI of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000d et seq.) and Treasury's implementing regulations at 31 C.F.R. Part 22, which prohibit discrimination on the grounds of race, color, or national origin under programs or activities receiving federal financial assistance;

      ii. The Fair Housing Act, Title VIII of the Civil Rights Act of 1968 (42 U.S.C. §§ 3601 et seq.), which prohibits discrimination in housing on the basis of race, color, religion, national origin, sex, familial status, or disability;

      iii. Section 504 of the Rehabilitation Act of 1973, as amended (29 U.S.C. § 794), which prohibits discrimination on the basis of disability under any program or activity receiving

2

or benefitting from federal assistance;

iv. The Age Discrimination Act of 1975, as amended (42 U.S.C. §§ 6101 et seq.) and Treasury's implementing regulations at 31 C.F.R. Part 23, which prohibit discrimination on the basis of age in programs or activities receiving federal financial assistance; and

v. Title II of the Americans with Disabilities Act of 1990, as amended (42 U.S.C. §§ 12101 et seq.), which prohibits discrimination on the basis of disability under programs, activities, and services provided or made available by state and local governments or instrumentalities or agencies thereto.

10. <u>False Statements</u>. Recipient understands that false statements or claims made in connection with this award is a violation of federal criminal law and may result in fines, imprisonment, debarment from participating in federal awards or contracts, and/or any other remedy available by law.

11. <u>Conflict of Interest</u>. Recipient understands and agrees it must maintain a conflict of interest policy consistent with 2 C.F.R. § 200.318(c), and that such conflict of interest policy is applicable to each activity funded under this award. Recipients and subrecipients must disclose in writing to Treasury or the pass-through agency, as appropriate, any potential conflict of interest affecting the awarded funds in accordance with 2 C.F.R. § 200.112.

12. <u>Publications</u>. Any publications produced with funds from this award must display the following language: "This project [is being] [was] supported, in whole or in part, by federal award number [enter project FAIN] awarded to [name of Recipient] by the U.S. Department of the Treasury."

13. <u>Debts Owed the Federal Government</u>.

a. Any funds paid to Recipient (1) in excess of the amount to which Recipient is finally determined to be authorized to retain under the terms of this award; or (2) that are determined by the Treasury Office of Inspector General to have been misused shall constitute a debt to the federal government.

b. Any debts determined to be owed the federal government must be paid promptly by Recipient. A debt is delinquent if it has not been paid by the date specified in Treasury's initial written demand for payment, unless other satisfactory arrangements have been made. Interest, penalties, and administrative charges shall be charged on delinquent debts in accordance with 31 U.S.C. § 3717 and 31 C.F.R. § 901.9. Treasury will refer any debt that is more than 180 days delinquent to Treasury's Bureau of the Fiscal Service for debt collection services.

c. Penalties on any debts shall accrue at a rate of not more than 6 percent per year or such other higher rate as authorized by law. Administrative charges, that is, the costs of processing and handling a delinquent debt, shall be determined by Treasury.

14. <u>Disclaimer</u>.

a. The United States expressly disclaims any and all responsibility or liability to Recipient or third persons for the actions of Recipient or third persons resulting in death, bodily injury, property damages, or any other losses resulting in any way from the performance of this award or any other losses resulting in any way from the performance of this award or any

3

contract, or subcontract under this award.

b.  The acceptance of this award by Recipient does not in any way constitute an agency relationship between the United States and Recipient.

15. Protections for Whistleblowers.

a.  In accordance with 41 U.S.C. § 4712, Recipient may not discharge, demote, or otherwise discriminate against an employee as a reprisal for disclosing information to any of the list of persons or entities provided below that the employee reasonably believes is evidence of gross mismanagement of a federal contract or grant, a gross waste of federal funds, an abuse of authority relating to a federal contract or grant, a substantial and specific danger to public health or safety, or a violation of law, rule, or regulation related to a federal contract (including the competition for or negotiation of a contract) or grant.

b.  The list of persons and entities referenced in the paragraph above includes the following:

i.   A member of Congress or a representative of a committee of Congress;

ii.  An Inspector General;

iii. The Government Accountability Office;

iv.  A Treasury employee responsible for contract or grant oversight or management;

v.   An authorized official of the Department of Justice or other law enforcement agency;

vi.  A court or grand jury; and/or

vii. A management official or other employee of Recipient, contractor, or subcontractor who has the responsibility to investigate, discover, or address misconduct.

c.  Recipient shall inform its employees in writing of the rights and remedies provided under this section, in the predominant native language of the workforce.

16. Increasing Seat Belt Use in the United States.  Pursuant to Executive Order 13043, 62 FR 19217 (Apr. 8, 1997), Recipient should and should encourage its contractors to adopt and enforce on-the-job seat belt policies and programs for their employees when operating company-owned, rented or personally owned vehicles.

17. Reducing Text Messaging While Driving.  Pursuant to Executive Order 13513, 74 FR 51225 (Oct. 1, 2009), Recipient should encourage its employees, subrecipients, and contractors to adopt and enforce policies that ban text messaging while driving, and Recipient should establish workplace safety policies to decrease accidents caused by distracted drivers.