William P. Donovan, Jr. (SBN 155881)
**DECHERT LLP**
633 West 5th Street, Suite 4900
Los Angeles, CA 90071
Tel:  (213) 808-5767
Fax: 213-808-5760
Bill.Donovan@dechert.com

D. Brett Kohlhofer (*pro hac vice*)
**DECHERT LLP**
1900 K Street, N.W.
Washington, D.C. 20006
Tel: 202-261-3300
Fax: 202-261-3333
d.brett.kohlhofer@dechert.com

Theodore E. Yale (*pro hac vice* forthcoming)
**DECHERT LLP**
2929 Arch Street
Philadelphia, PA 19104
Tel.: (215) 994-4000
Fax:  (215) 655-2455
theodore.yale@dechert.com

*Attorneys for Defendant BDO GOVERNMENT
SERVICES, LLC f/k/a HORNE LLP*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES of AMERICA, *ex rel.* HEATHER WIDEN,<br><br>Plaintiff,<br><br>vs.<br><br>BDO GOVERNMENT SERVICES, LLC f/k/a HORNE LLP, *et al.*,<br><br>Defendants. | Case No. 2:22-CV-1893-JAM-AC<br><br>**REPLY IN SUPPORT OF DEFENDANT BDO GOVERNMENT SERVICES, LLC f/k/a HORNE LLP'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**<br><br>Second Amended Complaint Filed: December 11, 2025<br><br>Date:  April 28, 2026<br>Time: 1:00 P.M.<br>Judge: Hon. John A. Mendez<br>Courtroom 6, 14th Floor |

Plaintiff's Opposition brief (Dkt. 60, "Opp.") relies on baseless rhetoric that distorts the facts, the law, and even her own SAC to try to withstand Horne's Motion to Dismiss (Dkt. 57-1, "Mot."). Of course, Horne vigorously disputes Plaintiff's allegations and denies doing anything wrong, and it speaks volumes that the U.S. Department of Justice decided not to intervene in this frivolous litigation. Dkt. 25. But the Court need not reach the factual merits because Plaintiff comes nowhere near stating a claim. Among other reasons, Plaintiff utterly fails to plead facts showing Horne (as opposed to others) submitted or caused a false "claim," i.e., a "request or demand … for money." 31 U.S.C. § 3729(b)(2). The statutory language and Ninth Circuit precedent are clear: no claim, no FCA case. *See, e.g.*, *United Statse ex rel. Aflatooni v. Kitsap Physicians Serv.,* 314 F.3d 995, 997 (9th Cir. 2002) (finding it "fairly obvious" that an FCA suit "require[s] a false claim" that the defendant made or caused). This alone distinguishes *all* of the authorities Plaintiff cites because each of those cases involved a defendant who either submitted a false claim or directly caused one to be submitted.

**I.    Plaintiff Does Not Explain How or When Horne Made or Caused a False Claim.**

Plaintiff concedes that she has not attempted to identify exemplary false claims by Horne. Opp. at 5. Instead, Plaintiff relies on *Ebeid ex rel. United States v. Lungwitz*, 616 F.3d 993 (9th Cir. 2010). But *Ebeid* does not excuse Plaintiff from pleading false claims with particularity. To survive dismissal under *Ebeid*, a Plaintiff who cannot identify exemplary claims must plead, at least, "*particular details of a scheme to submit false claims paired with reliable indicia that lead to a strong inference that claims were actually submitted*." *Id.* at 998-99. Indeed, the Ninth Circuit in *Ebeid* affirmed dismissal precisely because, like here, the plaintiff pleaded neither specific false claims nor facts showing "that false claims were actually submitted" by the defendant. *Id.* Here, the Opposition pays lip service to the *Ebeid* standard, Opp. at 4, yet never points to a single SAC allegation that supplies "reliable indicia" for a "*strong inference*" that Horne (as opposed to others) made or caused a cognizable false *claim*, i.e., "request or demand … for [ERAP] money." 31 U.S.C. § 3729(b)(2).

Plaintiff's own authorities exemplify the type of "claim" missing from her pleading. For example, in *United States ex rel. Campie v. Gilead Scis., Inc.*, 862 F.3d 890 (9th Cir. 2017), the allegations were that the defendant made "claims seeking payment for [the relevant] drugs." *Id.* at 899. Here, none of the "scheme" allegations the Opposition identifies naturally results in Horne making or Horne causing a fraudulent claim for ERAP funds. To the contrary, as shown in Horne's Motion and *infra*, Plaintiff's case rests on theories that Horne either failed to detect false claims by ERAP applicants—which Horne did not submit or cause—and/or

-1-

allegedly caused California to submit an inaccurate OFC to the federal government—which was not a claim. Because Plaintiff fails to plead any false claims by Horne or even facts creating a strong inference Horne made or caused a false claim, the SAC must be dismissed.

*Plaintiff's own authority dooms her theory that "Horne's misrepresentation about how it would administer ERAP" in a bid or contract is the false claim,* Opp. at 4, because there are no (and the Opposition identifies no) SAC allegations that Horne made a false promise it "intend[ed] not to keep." *United States ex rel. Hendow v. Univ. of Phoenix*, 461 F.3d 1166, 1174 (9th Cir. 2006) ("[F]ailure to honor one's promise is (just) breach of contract, but making a promise that one *intends* not to keep is fraud."). *Nor can Plaintiff rely on false applications for funds by others as the false "claims."* Even Plaintiff concedes that "Horne did not necessarily cause … [those] fraudulent applications." Opp. at 6. And Plaintiff has no legal support for her theory that "review failures encourage[ing] continued false applications" is a false claim by Horne.

*The SAC's implied false certification theory independently fails*. Mot. at 5-7. Plaintiff also fails to plead the kind of "implied false certification" theory recognized in cases like *Ebeid* and *Campie*. The Opposition does not dispute that an implied false certification requires allegations of a "previous" undertaking to comply with a requirement plus a later claim (i.e., request for ERAP funds) coupled with specific representations about the service provided, creating a "misleading half-truth." Opp. at 6. Plaintiff insists that she has satisfied that standard but mischaracterizes what the SAC actually pleads (and attempts to rewrite it) to reach her conclusion. *Id.* (e.g., citing SAC ¶¶ 7, 40, 83-84). Because the SAC makes no mention of requests for payment coupled with "specific representations about the goods or services provided," the SAC fails for the same reason dismissal was warranted in *Williams v. Med. Support L.A.*, 2023 WL 8798089, at *1 (9th Cir. Dec. 20, 2023) (cited in Horne's Motion and not addressed in Plaintiff's Opposition).

*The SAC also does not identify a cognizable claim by California that Horne caused.* Mot. at 8-10. Plaintiff does not dispute that (i) all ERAP disbursements were made to states based on a statutory formula, without any "request" for funds, nor that (ii) the OFC was not a request for money and thus not a "claim." Opp. at 8-9. Those concessions doom Plaintiff's OFC-related theory because she does not allege any nexus between the OFC and a relevant request for ERAP money, i.e., a "claim." Even if, as Plaintiff wrongly insists, she had alleged that "the OFC was material to California's *retention* of Round 1 funding and Treasury's award of Round 2 funding," Opp. at 8 (citing nothing), neither of those meet the definition of a "claim." Nor do Plaintiff's

-2-

authorities on this point, *see* Opp. at 8-9, alter the requirement that there must be a nexus to a "claim" on Government funds. *See United States ex rel. Solis v. Millennium Pharms., Inc.*, 885 F.3d 623, 628-29 (9th Cir. 2018) (no FCA claim where "scheme to submit false claims" is not "link[ed] … to any claim submitted").

***In any event, Plaintiff does not adequately plead that Horne "caused" the allegedly false certification by California.*** Plaintiff's own theory is expressly premised on individuals at HCD *participating* in Horne's alleged scheme. Opp. at 10 (conspiracy). With no allegations "explain[ing] how Defendant convinced [California] to abandon [its] independent judgment," the SAC does not adequately allege causation. *United States ex rel. Puhl v. Terumo BCT*, 2019 WL 6954317, at *4 (C.D. Cal. Sept. 12, 2019).[1]

***The SAC Fails to Comply with Rule 9(b)***. That rule "requires a party to state … [t]he who, what, when, where and how of the misconduct charged … with particularity." *Lopez v. Booz Allen Hamilton, Inc.*, 2020 WL 7342396, at *2 (E.D. Cal. Dec. 14, 2020). Among other issues, *see* Mot. at 8, the SAC is required to, but does not, identify individuals at Horne who allegedly made the false statement. *Id.* (collecting cases). *United States v. United Healthcare Ins.*, 848 F.3d 1161, 1184 (9th Cir. 2016), does not compel a different result. There, the court merely held that claims against *multiple* defendants accused of the same thing could be made collectively, which is not the issue here. To be sure, years after *United Healthcare*, this Court dismissed a fraud claim under Rule 9(b), based on the same problem: failing to identify who, at a government contractor alleged of fraud, made the relevant statements. *Lopez*, 2020 WL 7342396, at *3. The SAC also does not particularize *when* the fraud occurred: alleging that it lasted "at least" five years, with no beginning or end, hardly gives Horne the information it needs to defend itself as the cases require. Mot. at 8 (collecting cases). The Opposition ignores Horne's authorities altogether and, tellingly, *relies on a case that does not even address this temporal requirement*. Opp. at 7 (citing *United States v. N. Am. Health Care, Inc.*, 2015 WL 6871781 (N.D. Cal. Nov. 9, 2015)). In any event, Plaintiff's insistence that the temporal scope is "adequately defined" by alleging "Horne contracted with [California] on March 4, 2021," Opp. at 7, cannot be squared with her insistence that the fraud was nationwide, *id.* at 13-14.

***The SAC Does Not Adequately Plead Nationwide FCA Claims.*** *See* Mot. at 14. Plaintiff does not dispute that ERAP programs were administered by the various states, not uniformly by the Treasury, Opp. at

---

[1] Plaintiff's insistence on a "substantial factor" test (the minority view) is beside the point because the SAC fails either standard.

-3-

13-14, and readily admits that the basis of her theory is Horne's *contract with California*, Opp. at 4 & 6 (citing SAC ¶ 40). Plaintiff also points to no allegations that similar provisions existed in contracts elsewhere. And, unlike the cases she cites, the SAC does not allege a "centralized structure and standardized, nationwide practices" that would support a "strong inference" of false claims submitted in other states. *Kenley Emergency Med. v. Schumacher Group of Louisiana Inc.*, 2025 WL 1359065, at *9 (N.D. Cal. May 9, 2025).

**The "Reverse" FCA Theory Fails.** Plaintiff mischaracterizes the Contract terms regarding Horne's purported obligation to recoup "overpayments." Opp. at 10; Mot., Ex. A at 11. That Contract clause extends only to arithmetic overpayments (meaning calculation errors, *see* http://bit.ly/4lSHyIn at 12 (cited in SAC ¶¶ 54-56 & n.12)), not the eligibility issues alleged in the SAC. The "indemnification" theory, Opp. at 10, fails too because it is contingent on claims that *might* be brought in the future and rights California *might* invoke later. Mot. at 10.[2]

**The FCA Conspiracy Claim Fails.** Plaintiff does not dispute that she has not alleged an agreement or overt act by anyone "to effect the object of the conspiracy," *United States v. Vandewater Int'l Inc.*, 2019 WL 6917927, at *5 (C.D. Cal. Sept. 3, 2019), or that such allegations are required to plead conspiracy. Instead, she rewrites the FCA conspiracy theory that was in the SAC, and now instead maintains that Horne conspired with "Defendants Ross, Blevins, and Gallagher to conceal Horne's fraud." Opp. at 10. The SAC does not allege those individuals were co-conspirators at all. SAC at 34. And, in any event, conspiring to "conceal" false claims is not conspiring to make or cause false claims. The FCA addresses only the latter. 31 U.S.C. § 3729(a)(1)(C).

**Plaintiff's Other Arguments Fail for Several Reasons Rendered Moot by the Absence of a Claim.** Without an underlying "claim," Plaintiff's other arguments regarding false records, Opp. at 11, materiality, *id.* at 11-12, and scienter, *id.* at 13, are irrelevant, in addition to being meritless for the reasons in Horne's Motion.

## II.  Plaintiff's Negligence Claim Fails as a Matter of Law and Pleading.

Plaintiff concedes that California bars claims for negligent interference with contract. Opp. at 14. *See Fifield Manor v. Finston*, 54 Cal. 2d 632, 636-37 (1960). Her attempt to carve her claim from this clear bright line, on the grounds that her employment is not governed by a "contract," Opp. at 14, fails because *Fifield* is not limited to "contracts" but rather applies to all negligent interference with any "business relationship."

---

[2] *Thomas v. Touchstone Behav. Health*, 774 F.Supp.3d 1179, 1194 (D. Ariz. 2025), involved the defendant's own retention of overpayments made to him, not a contractual obligation to recoup overpayments from others.

-4-

DEFENDANT'S REPLY ISO MOTION TO DISMISS SAC                    2:22-CV-1893-JAM-AC

*Sutrisno v. WebMD Prac. Servs., Inc.*, 2005 WL 8154571, at *16 (C.D. Cal. June 30, 2005).[3] Nor can Plaintiff recast her claim as one for "negligent interference with prospective economic advantage," Opp. at 14, because she alleges the harm was the loss of her employment, not *future* economic gain. SAC ¶ 139. *See Shoemaker v. Myers*, 52 Cal. 3d 1, 24 (1990) (rejecting negligence claim of employee "whistleblower," holding that claim for "interference with prospective economic advantage" based solely on "the continuation of his employment relationship" "is in reality identical in substance to plaintiff's claim for inducement of breach of contract"). *Bastian v. Cnty. of San Luis Obispo*, 199 Cal. App. 3d 520 (Ct. App. 1988), also does not support Plaintiff's duty theory because, there, defendant *misled* the plaintiff. A duty to warn arises only where defendant "creates a foreseeable danger ***not readily discoverable by the endangered person[]***." *Id.* at 530. Here, Plaintiff could plainly foresee the consequences of her actions at least as well as Horne. S*ee Hill v. Kwiat*, 2005 WL 941381, at *8 (Cal. App. Apr. 25, 2005) (affirming dismissal where defendant did not mislead plaintiff as to the "peril").

**III.  Plaintiff Should Not Be Given Yet Another Chance to Amend Her Complaint.**

Plaintiff's Opposition ends with a conclusory request for "leave to amend to cure any deficiencies" if Horne's Motion is granted. Opp. at 15. The Court should deny this request because the defects in Plaintiff's case are incurable. The problem is not simply one of detail in Plaintiff's pleadings; it is that, despite having had four opportunities to do so (three complaints and an opposition brief), Plaintiff has never articulated a coherent theory of how Horne violated the FCA. Indeed, the SAC and Opposition make clear that: (i) Horne did not present a false claim itself; (ii) Horne did not cause false claims by ERAP applicants; and (ii) the only document Horne did allegedly cause to be submitted to the federal government (California's OFC) was not a claim for payment within the meaning of the FCA. Accordingly, for the reasons above, and those in Horne's Motion, the Court should dismiss the SAC with prejudice. *See Gonzalez ex rel. United States v. Planned Parenthood of L.A.*, 759 F.3d 1112, 1116 (9th Cir. 2014) (dismissal with prejudice proper where amended would be futile, especially where plaintiff has already amended complaint).

---

[3] *Valenzuela v. Cal.*, 194 Cal. App. 3d 916, 919-20 (1987), did not concern the *Fifield* rule; it addressed inapposite questions of contractual versus administrative remedies available to state employees.

-5-

Dated: April 2, 2026

Respectfully submitted,

**Dechert LLP**


By:   /s/ *William P. Donovan, Jr.*
William P. Donovan, Jr. (SBN 155881)
**DECHERT LLP**
633 West 5th Street, Suite 4900
Los Angeles, CA 90071
Tel:  (213) 808-5767
Fax: 213-808-5760
Bill.Donovan@dechert.com

D. Brett Kohlhofer (*pro hac vice*)
**DECHERT LLP**
1900 K Street, N.W.
Washington, D.C. 20006
Tel: 202-261-3300
Fax: 202-261-3333
d.brett.kohlhofer@dechert.com

Theodore E. Yale (*pro hac vice* forthcoming)
**DECHERT LLP**
2929 Arch Street
Philadelphia, PA 19104
Tel.: (215) 994-4000
Fax:  (215) 655-2455
theodore.yale@dechert.com

*Attorneys for Defendant BDO GOVERNMENT
SERVICES, LLC f/k/a HORNE LLP*

-6-